**Michael J. GEISELMAN and Valerie Washburn Geiselman, Plaintiffs**

**v.**

**UNITED STATES of America, Gerard R. Esposito, as the District Director, Internal Revenue Service and Daniel Ito, Defendants.**

**Civ. A. No. 90–10323–H.**

United States District Court, D. Massachusetts.

Dec. 18, 1992.

Michael J. Geiselman, pro se.

Valerie Washburn Geiselman, pro se.

Susan M. Poswistilo, U.S. Attorney's Office, Boston, MA, Henry J. Riordan, U.S.

---

Dept. of Justice, Tax Div., Washington, DC, Susan M. Poswistilo, Sanford Wechsler, Bicknell & Smith, Cambridge, MA, for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Michael J. Geiselman failed to file income tax returns for the years 1978 through 1982. His wife, Plaintiff Valerie Washburn Geiselman, failed to file income tax returns for the years 1979 and 1980. To satisfy their tax deficiencies, the Internal Revenue Service placed a lien on plaintiffs' Cambridge home. Michael J. Geiselman filed a complaint against the United States alone in federal court in March of 1989. In that case, he sought a temporary restraining order barring the sale of the home on the grounds that, for procedural reasons, the government's lien was invalid. The TRO was denied, and the IRS sold the plaintiffs' home to Daniel Ito. Michael Geiselman continued to press his suit, however, seeking, on the same grounds, to "quiet title" and to regain possession of the home.

In January of 1990, Michael Geiselman and Valerie Washburn Geiselman filed a second suit. This suit named as defendants the United States, Gerard Esposito, District Director of the IRS, and Daniel Ito, who had purchased the Geiselmans' home from the IRS. As did the first suit, the second suit alleged procedural violations in execution of the lien and sought an order effectively returning possession of the home to the Geiselmans. Originally brought in Massachusetts Superior Court, the second suit was removed to federal court by the IRS. Subsequently, it was consolidated with Michael Geiselman's first suit to "quiet title." The consolidated suits came before this Court, which granted summary judgment in favor of the government defendants only. The plaintiffs appealed, and the Court of Appeals for the First Circuit reviewed each suit separately. It affirmed this Court's ruling with respect to Michael Geiselman's first suit, but held that pursuant to Fed.R.Civ.P. 54(b), it had no jurisdiction to hear the appeal in the

second suit. The Court of Appeals noted that, because this Court had not specifically addressed the Geiselmans' claim against Defendant Daniel Ito and Ito's counterclaim against the Geiselmans, judgment in the second suit was not yet final. *Geiselman v. United States*, 961 F.2d 1, 4 (1st Cir.1992). Therefore, because judgment was not final, and because this Court had not sought appellate certification, the appellate court lacked jurisdiction to review the second suit. *Id.*

Presently before this Court is Defendant Ito's Motion for Summary Judgment in the second suit. In his supporting memorandum Ito argues that principles of "issue preclusion" mandate that this Court enter summary judgment in his favor in the second suit. The Court finds his argument persuasive.

The doctrine of "issue preclusion" binds this Court to its prior determination that the lien was valid. As the Restatement of Judgments explains it, "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. Restatement of Judgments, 2d § 27 at 250. *See also National Labor Relations Board v. Donna–Lee Sportswear Co.*, 836 F.2d 31, 33–4 (1st Cir.1987); *Griffin v. Burns*, 570 F.2d 1065, 1072 (1st Cir.1978).

"Issue preclusion" is a doctrine intended for cases such as plaintiffs' second suit. In this case, plaintiffs allege that, because the IRS did not follow proper procedure when it executed a lien on their Cambridge home, Defendant Ito is in illegal possession of that property. That particular issue has already been litigated and decided by this Court. After careful consideration of the facts and law in issue in the consolidated case before it, this Court held that the IRS lien was valid and refused to set aside the IRS' sale of the property to Defendant Ito. The Court of Appeals for the First Circuit affirmed that holding as it related to the first lawsuit. *Geiselman v. United States*, 961 F.2d at 6. Thus, as that issue—the

validity of the IRS lien and sale of plaintiff's property—has already been fully litigated, the plaintiffs are collaterally estopped from re-litigating it.

The doctrine of "issue preclusion" is applicable where five elements are present. *National Labor Relations Board v. Donna–Lee Sportswear Co.*, 836 F.2d at 34. For "issue preclusion" to apply: "1. the determination must be over an issue which was actually litigated in the first forum; 2. that determination must result in a valid and final judgment; 3. the determination must be essential to the judgment which is rendered by, and in, the first forum; 4. the issue before the second forum must be the same as the one in the first forum; and 5. the parties in the second action must be the same as those in the first." *Id.* The first four elements are not in serious contention in this case. The validity of the lien was the issue in the first forum—this Court, wherein a valid and final judgment as to the first consolidated case was entered. *Geiselman v. United States*, 961 F.2d at 4. The determination that the lien was valid was essential to the judgment rendered by, and in, the first forum. And, the issue currently before this forum—the validity of the IRS lien—is the very issue that was before the first forum.

Thus, plaintiffs can only reasonably argue against satisfaction of the fifth element—identity of the parties. The parties to the first and second suits are clearly not the same. The Defendant Ito was not a party in the first suit. Notwithstanding that fact, in this instance, "issue preclusion" still applies. There exists an exception to the rule that "issue preclusion" affects only the parties to the initial litigation. Under that exception, parties in privity with the initial litigants are also bound by determinations made in the first forum. *See, e.g., Southern Pacific Railroad v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897); *National Labor Relations Board v. Donna–Lee Sportswear Co.*, 836 F.2d at 34; *Griffin v. Burns*, 570 F.2d at 1070–72.

"Numerous courts have recognized that while 'privity is an elusive concept,' *see*

*Griffin*, 570 F.2d at 1071, the privity which can lead to issue preclusion is that relationship between two parties which is sufficiently close as to bind them both to an initial determination, at which only one of them was present." *National Labor Relations Board v. Donna–Lee Sportswear Co.*, 836 F.2d at 34–35. In the present case, the relationship and legal interests of the IRS and Mr. Ito are closely identified. For all intents and purposes, Mr. Ito stands in the shoes of the IRS. Thus, since the issue of the validity of the lien was settled as to the IRS in the first suit, it is not unfair to consider it settled as to Mr. Ito as well. *See Farmington Dowel Products, Co. v. Forster Manufacturing Co., Inc.*, 421 F.2d 61, 79 (1st Cir.1969). The IRS sold plaintiffs' home to Mr. Ito. As part of the same transaction, Mr. Ito purchased the home from the IRS. The validity of the entire transaction turned on the validity of the IRS' underlying lien on the property. Since the lien was adjudged valid and the sale implicitly approved in the first suit, the same result must follow in the second suit. The doctrine of "issue preclusion" prevents this Court from reconsidering the validity of the lien—an issue as to which it rendered a final judgment in the first suit. Since the Geiselmans were afforded ample opportunity to litigate the validity of the lien in their first suit, they can not now claim that they are prejudiced by the Court's refusal to reconsider that issue in this case.

In their complaint, the plaintiffs level several other allegations against Mr. Ito. Among other things, they allege that he trespassed onto the property in question, conspired with the government, unjustly enriched himself, violated the United States Constitution, and caused the plaintiffs emotional distress. All of these allegations are appendices to the issue of the validity of the IRS lien. They must fail in this second suit because the underlying invalid lien theory, to which they are attached, failed in the first suit. All claims against the Defendant Ito arose out of the claim that the lien was invalid. Given that it was held valid in the first suit, and given the applicability of that holding to this second suit

under the doctrine of "issue preclusion," summary judgment in favor of the Defendant Ito is granted as to all claims against him.[1] The Court orders further that the bond paid by defendant pending resolution of this suit be released.

SO ORDERED.

---

1. Mr. Ito's motion for summary judgment and supporting memorandum do not address the issue of his counterclaim against the plaintiffs for fair value of use and occupancy of the Cambridge home. The Court notes that such counterclaim remains pending before this Court.